956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel D. PADILLA, Plaintiff-appellant,
v.
Lynn JORGENSEN, Warden, Utah State Prison, Defendant-appellee.
 No. 91-4131.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Daniel D. Padilla (Padilla), pro se, appeals from an order of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Padilla's motion to proceed in forma pauperis is granted. Appellant's request that we issue a certificate of probable cause is granted.
 
 
 3
 On July 16, 1987, Padilla was convicted, following a jury trial, of murder in the second degree. On April 29, 1991, Padilla filed a petition for writ of habeas corpus in federal district court. He alleged that he had been denied due process and equal protection by the trial court's failure to properly instruct on second degree murder, give his proffered heat of passion instruction, and instruct that specific intent is an essential element of second degree murder. The petition was assigned to a magistrate for review. On June 20, 1991, the magistrate issued a report and recommendation in which he concluded:
 
 
 4
 The petitioner's claims of constitutional error are predicated on the refusal of the state trial court in petitioner's case to give requested instructions which were antiquated and erroneous statements of the law of Utah or otherwise properly treated by the trial court. Under such circumstances, there is no basis for relief under 28 U.S.C. § 2254.
 
 
 5
 (R., Tab 5 at p. 8).
 
 
 6
 On July 3, 1991, the district court, after noting that no objection to the report and recommendation had been filed by Padilla, entered an order adopting the magistrate's report and recommendation and denying Padilla's petition. On July 8, 1991, Padilla filed an untimely objection to the magistrate's report and recommendations in which he alleged, for the first time, ineffective assistance of counsel.
 
 
 7
 On July 16, 1991, the district court entered a second order denying Padilla's petition, finding:
 
 
 8
 Plaintiff attempts to raise for the first time a claim of incompetency of counsel. Because the issue was not raised in the petition for relief, and because plaintiff has failed to exhaust available state remedies, plaintiff's petition for a writ of habeas corpus is DENIED.
 
 
 9
 (R., Tab 9 at pp. 1-2).
 
 
 10
 On appeal, Padilla contends that: he should have been charged with the lesser included offense of manslaughter, rather than murder; there was insufficient evidence to support the verdict; his counsel was incompetent; and the court erred in failing to give his proffered jury instructions. Padilla acknowledges that "he did not originally raise the issue of incompetence [sic] of counsel." (Appellant's Opening Brief at p. 6).
 
 
 11
 We affirm the court's dismissal of Padilla's petition for failure to exhaust available state remedies. Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2554 (1991) ("This Court has long held that a state prisoner's federal habeas corpus petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 19th Cir.R. 36.3